

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS

ATTORNEY GENERAL

Honorable Leonard Carlton, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-6744
Re: Under the Texas Employment and
Labor Agency Law (Art. 5221a-4,
V.A.C.S.T.) can an employment
agency operate in more than one
county, i.e., have one central of-
fice and branch offices in other
counties?

We have received your recent request for an opinion
on the following question:

"Under the Texas Employment and Labor Agency
Law can an employment agency operate in more
than one county, i.e. have one central office
and branch offices in other counties?"

Section 3 of Art. 5221a-4, V.A.C.S.T., provides as
follows:

"Application and bond for an employment or labor
agency shall be executed on blank forms prescribed
and furnished by the Commissioner. Application for
license to act as an employment or labor agency may
be made in person or by mail to the Commissioner
upon blank application form which shall be verified
by the applicant. Where the application is made by
a firm, partnership, or association of persons, it
must be verified by each person for whose benefit
the application is made, and such application shall
also be accompanied by affidavits of at least five
(5) creditable citizens who have resided in the
county in which such applicant desires to conduct
the business of an employment or labor agency for at
least three (3) years, to the effect that the appli-
cant or applicants are residents of the county in
which such person desires to become an employment or
labor agent, and that such person or persons are of
good moral character. The Commissioner may acquire
additional evidence of the moral character of appli-

cants and may make such additional investigation
of said applicant as he deems necessary, and no
license shall be granted to any person except
those of good moral character.

"Such application shall be examined by the
Commissioner and if he finds that the same com-
plies with the law and that the applicant is en-
titled to a license then he shall issue <u>a license
to the applicant for each county</u> for which appli-
cation is made, and shall deliver such license
to the applicant upon the payment of a license
fee of One Hundred Fifty Dollars ($150) for each
county in which the employment or labor agent
intends to operate. <u>Not more than one office
shall be operated for each license issued</u>. Each
person making application for an employment or
labor agency license and before such license is
issued, shall make and file with the Commissioner
a good and sufficient bond executed by the appli-
cant with good and sufficient surety in the penal
sum of Five Thousand Dollars ($5,000), payable
to the State of Texas, for each county in which
the agent intends to operate; said bond shall be
conditioned that the obligor will not violate
any of the duties, terms, conditions and require-
ments of this Act, and that the principal, his
agents or representatives will not make any
false representation or statement to any person
soliciting any assistance from him for employees
or employment, or solicited by him to accept em-
ployment.

"Said bond shall further recite that any per-
son injured or aggrieved by any false or fraudu-
lent statement of such agent, his sub-agents or
representatives, or any violation of the provi-
sions thereof by such agent, sub-agent or represen-
tative, shall be entitled to bring suit thereon.
Each license issued by the Commissioner shall be
good for a period of one year from the date of
issuance." (Underscoring added).

Prior to the enactment in 1943 by the 48th Legislature
of the provisions contained in Art. 5221a-4, V.A.C.S.T., sub-
stantially the same provisions as now appear in Section 3 of
said Art. 5221a-4 then appeared in Art. 5210, V.A.C.S.T. In
1940 and prior to the repeal of said Art. 5210, V.A.C.S.T.,
this department issued an opinion (No. 0-2882) to the Honor-
able Joe Kunschik, Commissioner, Bureau of Labor Statistics at

that time, in which a question similar to yours was resolved as follows:

> "It is clear from the very wording of Article
> 5210, supra, that only one such office may be
> operated under any one license.  No exception is
> made, either expressed or by necessary implication,
> permitting the operation or maintenance of a so-
> called 'branch office', - -  it is our opinion
> that the license issued by the Bureau of Labor
> Statistics to instant employment agency authorizes
> said agency to operate only the one office in
> Beaumont and that in order for such agency to
> legally operate the Port Arthur office an addi-
> tional license must be obtained."

It is our opinion from a careful study of said Sec. 3 of Art. 5221a-4 supra, that the next foregoing quoted holding is also applicable to the extant Texas Employment and Labor Agency Law; therefore, our answer to your question is that in order for such employment agency to legally operate in more than one county it must obtain a license under the terms of said Sec. 3 of Art. 5221a-4, supra, for each county in which it intends to operate.

We enclose herewith a copy of said Opinion No. 0-2882.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Robert L. Lattimore, Jr.
    Robert L. Lattimore, Jr.,
    Assistant

RLL:ZD:wc

APPROVED SEP 5, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman